UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: )
)                  CASE NO.  25-03768-JMC-7
GERARDO LORENZO LINARDUCCI, )
)
)
Debtor. )
_____ )
)
KENNETH D. MURENA, )                  Adversary Proc. No. 25-50110
In his capacity as court-appointed Receiver )
of Drive Planning, LLC )
)
Plaintiff, )
)
vs. )
)
GERARDO LORENZO LINARDUCCI, )
)
Defendant. )
_____ )

## ANSWER TO AMENDED COMPLAINT
## TO EXCEPT DEBTS FROM DISCHARGE
## PURSUANT TO 11 U.S.C. §523

Defendant, Gerardo Lorenzo Linarducci (the "**Defendant**"), by counsel, and for his

Answer to Amended Complaint to Except Debts from Discharge under 11 U.S.C. §

523(a)(2) and (4)[1] and Federal Rule of Bankruptcy Procedure 4007 filed by Kenneth D.

Murena, as the Court-appointed receiver in the SEC Action (as defined herein)

("**Plaintiff**"), states the following:

### THE PARTIES

1.      Plaintiff, Kenneth D. Murena, is the court-appointed Receiver of Drive

---

[1] The Receiver acquiesced to dismissal of Counts IV and V of the *Amended Complaint in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint to Except Debts from Discharge Pursuant to § 523* filed on December 8, 2025 (Docket No. 10) ("**Receiver's Initial Brief**").  (Receiver's Initial Brief, p. 2)  On March 13, 2026, the Court issued its *Order on Motion to Dismiss* (Docket No. 12) ("**Order**").  In the Order and, premised upon the Receiver's acquiescence in the Receiver's Initial Brief, Counts IV and V of the Amended Complaint were dismissed, without prejudice.  Accordingly, there is no need for Defendant to answer or otherwise respond to Counts IV and V of the Amended Complaint.

1

Planning, LLC, appointed pursuant to the Order Appointing Receiver entered by the United States District Court for the Northern District of Georgia in *SEC v. Drive Planning, LLC, et al.*, Case No. 1:24- cv-03583-VMC (the "SEC Action"). Plaintiff maintains his principal office in Miami, Florida.

**Answer: Defendant admits that Kenneth D. Murena is the court-appointed Receiver of Drive Planning, LLC. Defendant is without knowledge or information sufficient to admit or deny the remaining material allegations of rhetorical paragraph 1 of the Amended Complaint, and therefore denies same.**

2. Defendant, Gerardo Lorenzo Linarducci ("Debtor" or "Linarducci"), is an individual who, upon information and belief, resides at 12162 Pearl Bay Ridge, Indianapolis, Indiana.

**Answer: Defendant admits the material allegations of rhetorical paragraph 2 of the Amended Complaint.**

3. Debtor commenced this Chapter 13 case by filing a petition on June 27, 2025 (the "Petition Date").

**Answer: Defendant admits the material allegations of rhetorical paragraph 3 of the Amended Complaint.**

**JURISDICTION AND VENUE**

4. This is an adversary proceeding under Part VII of the Bankruptcy Rules.

**Answer: Defendant admits the material allegations of rhetorical paragraph 4 of the Amended Complaint.**

5. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b) and 1334.

**Answer: Defendant admits the material allegations of rhetorical paragraph 5 of the Amended Complaint.**

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(I) and (0).

**Answer: Defendant admits the material allegations of rhetorical paragraph 6 of the Amended Complaint.**

7. Venue is proper in this judicial district under 28 U.S.C. § 1409(a).

**Answer: Defendant admits the material allegations of rhetorical paragraph 7 of the Amended Complaint.**

## GENERAL ALLEGATIONS

8. This action arises out of the massive Ponzi scheme orchestrated by Drive Planning, LLC ("Drive Planning") and its principals. From 2020 through 2024, Drive Planning misled more than 2,400 investors into investing approximately $380 million into a fraudulent real estate and tax lien investment scheme having many of the attributes of a classic Ponzi scheme. The Ponzi scheme is the subject of the pending SEC Action, which was filed on August 13, 2024.

**ANSWER: Defendant states that the SEC Action speaks for itself and denies any allegations inconsistent with said proceeding. Defendant denies any complicity in the alleged Ponzi scheme. Defendant denies any remaining material allegations of rhetorical paragraph 8 of the Amended Complaint.**

9. Linarducci was one of Drive Planning's most prolific agents and promoters. He received more than $5.9 million in commissions for soliciting investors into the scheme, making him the second-highest paid Drive Planning agent. Linarducci lured investors (often unsophisticated individuals persuaded to borrow against retirement accounts or home equity) to place their savings into Drive Planning's fraudulent investment products.

**Answer: Defendant denies the material allegations of rhetorical paragraph 9 of the Amended Complaint.**

10. In addition to his substantial commissions, on July 10, 2023, Drive Planning diverted $1,920,535.75 of investor funds to enable Linarducci to purchase a residence located at 12162 Pearl Bay Ridge, Indianapolis, Indiana 46236 (the "Pearl Bay Property").

Although title to the Pearl Bay Property is in the name of Linarducci and his wife, the property is held in constructive trust for the benefit of Drive Planning's defrauded investors and the Receivership Estate.

**Answer: Defendant denies the material allegations of rhetorical paragraph 10 of the Amended Complaint.**

11.     In the SEC Action, the United States District Court for the Northern District of Georgia has authorized the Receiver to pursue claims against Linarducci.

**ANSWER: Defendant states that the SEC Action speaks for itself and denies any allegations inconsistent with said proceeding. Defendant denies any complicity in the alleged Ponzi scheme. Defendant denies any remaining material allegations of rhetorical paragraph 11 of the Amended Complaint.**

12.     The Receiver has filed two proofs of claim against the Debtor: Claim No. 25 for the ill-gotten commissions in the amount of $5,949,611.41, and Claim No. 26 for the diverted funds in the amount of $1,920,535.75 used to acquire the Pearl Bay Property (collectively, the "Debts").

**ANSWER: Defendant states that the proofs of claim speak for themselves and denies any allegations inconsistent with such documents. Defendant denies any complicity in the alleged Ponzi scheme and disputes that Claim Nos. 25 and 26 are valid claims. Defendant denies any remaining material allegations of rhetorical paragraph 12 of the Amended Complaint.**

13.     The Receiver brings this action to ensure that the Debts are not discharged and that Linarducci, as one of the principal beneficiaries of Drive Planning's fraudulent scheme, does not evade accountability through the bankruptcy process.

**Answer: Defendant is without knowledge or information sufficient to admit or deny the material allegations of rhetorical paragraph 13 of the Amended Complaint, and therefore denies same.**

14.     The Receiver seeks a determination that the Debts, which arise from Linarducci's participation in the Drive Planning scheme and his receipt of investor funds, are non-dischargeable pursuant to the Bankruptcy Code.

**Answer: Defendant denies any complicity in the alleged Ponzi scheme.**

**Defendant is without knowledge or information sufficient to admit or deny the material allegations of rhetorical paragraph 14 of the Amended Complaint, and therefore denies same.**

## COUNT I

**Exception from Discharge Under 11 U.S.C. § 523(a)(2)(A) – Money or Property obtained by False Pretenses, False Representations, or Actual Fraud**

15. Plaintiff incorporates by reference the allegations of paragraphs 1-14 above as if set forth in full.

**ANSWER: Defendant incorporates and restates his responses to paragraphs 1-14 of the Amended Complaint.**

16. The Debts are for money and property obtained by Linarducci by false pretenses, false representations, or actual fraud.

**Answer: Defendant denies the material allegations of rhetorical paragraph 16 of the Amended Complaint.**

17. The Debts were incurred by Linarducci through false pretenses, false representations, and actual fraud concerning the nature of Drive Planning's business, its financial condition, and the use of investor funds. Linarducci solicited investors into a scheme he knew, or should have known, was a Ponzi scheme, and he personally benefitted from their losses.

**Answer: Defendant denies the material allegations of rhetorical paragraph 17 of the Amended Complaint.**

18. The funds used to pay commissions to Linarducci and to purchase and maintain the Pearl Bay Property were obtained through materially false representations about Drive Planning's legitimacy, its ability to generate real returns, and its intended use of investor proceeds. Linarducci made, endorsed, or participated in these misrepresentations with the intent to induce reliance.

**Answer: Defendant denies the material allegations of rhetorical paragraph 18 of the Amended Complaint.**

19. Plaintiff and the defrauded investors reasonably relied on these representations and omissions in placing their funds with Drive Planning. But for Linarducci's false and misleading statements and participation in the scheme, such funds would not have been advanced or invested.

**Answer: Defendant denies the material allegations of rhetorical paragraph 19 of the Amended Complaint.**

20. As a result of Linarducci's actions and statements, the Debts owed to Plaintiff are for money and property obtained by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

**Answer: Defendant denies the material allegations of rhetorical paragraph 20 of the Amended Complaint.**

21. Accordingly, the Debts owed by Linarducci to Plaintiff should be excepted from any discharge Linarducci receives in this or any other bankruptcy case.

**Answer: Defendant denies the material allegations of rhetorical paragraph 21 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci, granting the following relief:

a. Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b. Pursuant to 11 U.S.C. § 523(a)(2), an order excepting Plaintiff's claims against Debtor from any discharge Debtor may receive in this or any other bankruptcy case;

c. For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d. An award to Plaintiff of his attorneys' fees, costs, and expenses incurred

in prosecuting this action; and

e. All other relief the Court deems just, appropriate, and equitable under the circumstances.

**Answer: Defendant denies the material allegations of Prayer for Relief paragraph of the Amended Complaint.**

## COUNT II

**Exception from Discharge Under 11 U.S.C. § 523(a)(2)(B) - Money or Property Obtained by Use of Materially False Written Statements**

22. Plaintiff incorporates by reference the allegations of paragraphs 1-21 above as if set forth in full.

**ANSWER: Defendant incorporates and restates his responses to paragraphs 1-21 of the Amended Complaint.**

23. Linarducci made, endorsed, or distributed numerous materially false and misleading written representations of material fact, concealments, and omissions relating to and concerning Drive Planning, its value, its financial condition, and the state of its business operations, including, without limitation, the false and misleading representations, concealments, and omissions set forth in paragraphs above.

**Answer: Defendant denies the material allegations of rhetorical paragraph 23 of the Amended Complaint.**

24. During the course of promoting and selling Drive Planning's investment products, Defendant Gerardo Linarducci prepared, distributed, and used written solicitation materials, including emails, presentation decks, marketing brochures, and investor summaries (collectively, the "Solicitation Materials").

**Answer: Defendant denies the material allegations of rhetorical paragraph 24 of the Amended Complaint.**

25. These Solicitation Materials contained materially false statements concerning Drive Planning's business operations, financial condition, investment returns,

and the use and safety of investor funds. Among other things, the Solicitation Materials represented that Drive Planning used a "proprietary algorithm" to generate consistent profits, that investor principal was secure and fully backed by real assets, and that funds were allocated to legitimate investment projects, when in fact Drive Planning was operating a Ponzi scheme.

**Answer: Defendant denies the material allegations of rhetorical paragraph 25 of the Amended Complaint.**

26. Linarducci knew or recklessly disregarded that these Solicitation Materials were false when made and that they materially misrepresented Drive Planning's financial condition and capacity to generate returns. He caused the Solicitation Materials to be distributed to induce investors to invest in Drive Planning and to rely upon such written misrepresentations.

**Answer: Defendant denies the material allegations of rhetorical paragraph 26 of the Amended Complaint.**

27. The Solicitation Materials distributed by Linarducci contained materially false and misleading representations relating to Drive Planning, its value, its financial condition, and the state of its business operations were false when made, and Linarducci knew they were false or acted in reckless disregard of their truth or falsity.

**Answer: Defendant denies the material allegations of rhetorical paragraph 27 of the Amended Complaint.**

28. The Solicitation Materials distributed by Linarducci were material to investors' decisions to invest in Drive Planning.

**Answer: Defendant denies the material allegations of rhetorical paragraph 28 of the Amended Complaint.**

29. Linarducci distributed the Solicitation Materials with the intent that investors rely on them, and investors did in fact rely on the Solicitation Materials.

**Answer: Defendant denies the material allegations of rhetorical paragraph 29 of the Amended Complaint.**

30. The investors in Drive Planning reasonably relied on the false and misleading Solicitation Materials distributed by Linarducci. As a result of Linarducci's distribution of the false and misleading Solicitation Materials, the investors were induced to invest in Drive Planning.

**Answer: Defendant denies the material allegations of rhetorical paragraph 30 of the Amended Complaint.**

31. The reliance of investors on Linarducci's false and misleading representations and concealments was reasonable. As a result of Linarducci's false and misleading representations and concealments, investors were induced to invest in Drive Planning.

**Answer: Defendant denies the material allegations of rhetorical paragraph 31 of the Amended Complaint.**

32. As a direct and proximate result of Linarducci's distribution of the false and misleading Solicitation Materials, the Receivership Estate and investors suffered substantial damages, including but not limited to at least $1,920,535.75 in funds diverted to the purchase of the Pearl Bay Property and more than $5,949,611.41 in commissions fraudulently paid to Linarducci from investor funds.

**Answer: Defendant denies the material allegations of rhetorical paragraph 32 of the Amended Complaint.**

33. The Debts arising from Linarducci's distribution of the false and misleading Solicitation Materials are for money and property obtained by false pretenses, false representations, or actual fraud, within the meaning of 11 U.S.C. § 523(a)(2)(B).

**Answer: Defendant denies the material allegations of rhetorical paragraph 33 of the Amended Complaint.**

34. Accordingly, such debts should be excepted from any discharge Linarducci

receives in this or any other bankruptcy case.

**Answer: Defendant denies the material allegations of rhetorical paragraph 34 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci, granting the following relief:

a.      Judgment in favor of Plaintiff and against Debtor in principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.      Pursuant to 11 U.S.C. § 523(a)(2)(B), an order excepting Plaintiff's claims against Debtor from any discharge Debtor may receive in this or any other bankruptcy case;

c.      For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.      An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.      All other relief the Court deems just, appropriate, and equitable under the circumstances.

**Answer: Defendant denies the material allegations of Prayer for Relief paragraph of the Amended Complaint.**

## COUNT III

### Exception from Discharge Under 11U.S.C. § 523(a)(4) – Fraud or Defalcation while acting as a Fiduciary, Embezzlement or Larceny

35.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1– 34 above as if fully set forth herein.

**ANSWER: Defendant incorporates and restates his responses to paragraphs 1-34 of the Amended Complaint.**

36.      On information and belief, Defendant Gerardo Linarducci engaged in fraud,

defalcation while serving in a fiduciary capacity, embezzlement, and/or larceny by knowingly, wrongfully, and intentionally diverting and retaining investor funds from Drive Planning for his own benefit. These actions included (a) the receipt of $5,949,611.41 in fraudulent commissions derived directly from investor contributions, and (b) the diversion of $1,920,535.75 of investor funds for the acquisition and maintenance of the Pearl Bay Property.

**Answer: Defendant denies the material allegations of rhetorical paragraph 36 of the Amended Complaint.**

37. Linarducci, as an agent and promoter of Drive Planning, owed fiduciary duties to investors and to the company. Instead, he abused his position of trust by concealing the true nature of Drive Planning's operations and by knowingly inducing investments under false pretenses for his personal gain.

**Answer: Defendant denies the material allegations of rhetorical paragraph 37 of the Amended Complaint.**

38. By taking investor funds to enrich himself and to acquire the Pearl Bay Property, Linarducci committed acts of embezzlement and larceny within the meaning of 11 U.S.C. § 523(a)(4).

**Answer: Defendant denies the material allegations of rhetorical paragraph 38 of the Amended Complaint.**

39. As a result of Linarducci's wrongful conduct, he is indebted to Plaintiff for money obtained by fraud, defalcation while acting in a fiduciary capacity, embezzlement, and larceny. Such Debts should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

**Answer: Defendant denies the material allegations of rhetorical paragraph 39 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against

Debtor Gerardo L. Linarducci as follows:

a. Judgment in favor of Plaintiff and against Debtor in the principal amount of at

Least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus

$1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b. Pursuant to 11 U.S.C. § 523(a)(4), an order excepting Plaintiff's claim

against Debtor from any discharge Debtor receives in this or any other bankruptcy case;

c. For pre-judgment and post-judgment interest on all amounts awarded to

the maximum extent permitted by law;

d. An award to Plaintiff of his attorneys' fees, costs, and

expenses incurred in prosecuting this action; and

e. All other relief the Court deems just, appropriate, and

equitable under the circumstances.

**Answer: Defendant denies the material allegations of Prayer for Relief paragraph of the Amended Complaint.**

Wherefore, Defendant respectfully prays that the Plaintiff take nothing by his Amended Complaint, and for all other relief proper in the premises.

## <u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>

Without assuming any burden of proof or production to which he is not otherwise subject under the law, Defendant asserts the following affirmative defenses.

1. Plaintiff fails to state a claim for which relief can be granted under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(4).

2. Defendant did not act with the requisite intent to cause the alleged injury or harm.

3. This action and any relief sought may be barred, in whole or in part, by additional defenses that cannot be articulated due to the fact that discovery is not yet complete or other presently undeveloped information. Accordingly, Defendant reserves the right to supplement

the foregoing defenses and to raise additional defenses as may appear as this case progresses to the full extent permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and applicable law to this case.

By: /s/ Harley K. Means
Harley K. Means, Atty # 23068-32
Jason T. Mizzell, Atty # 30038-53
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
317-692-9000 - phone
hkm@kgrlaw.com
jtm@kgrlaw.com

Attorneys for Gerardo Lorenzo Linarducci

## CONSENT TO JURISDICTION

Pursuant to Bankruptcy Rule 7012(b), Defendant hereby gives notice that he consents to the entry of final orders or judgment by the Bankruptcy Court in this matter.

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Adriana M. Pavon
apavon@dvsattorneys.com

James P. Moloy
jmoloy@boselaw.com

By: /s/ Harley K. Means
Harley K. Means, Atty # 23068-32